IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **LAKESHIA EDMOND**, *et al.*, | § | |
| | § | |
|    Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-01250-P-BP |
| | § | |
| **BRAP, LLC**, *et al.*, | § | |
| | § | |
|    Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is *pro se* Plaintiff Lakeshia Edmond's Complaint, filed November 12, 2021. ECF No. 1. Her case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 3. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DISMISS** this case *sua sponte* for failure to state a claim upon which relief can be granted. The undersigned further **RECOMMENDS** that Judge Pittman's dismissal be **WITH PREJUDICE** because no amendment could construct a viable legal claim from the facts alleged in the Complaint.

### I.    BACKGROUND

From the pleadings, it appears Lakeshia Edmond suffers from paranoid schizophrenia. *See* ECF No. 1 at 9, 13, 20. Her largely illegible Complaint makes sweeping, incomprehensible claims that allegedly expose an international conspiracy spearheaded by the CIA, *id.* at 17; the State of Arkansas, *id.* at 18; Kim Jong Un, Vladimir Putin, and Queen Elizabeth, *id.* at 16; fast-food chains Taco Bell and Panera Bread, *id.* at 12; and the estate of deceased basketball player Kobe Bryant, *id.* at 1. Tragically, it appears Edmond is suffering from a prolonged series of delusions that have convinced her a wide-ranging conspiracy of persons is out to get her and that she is in danger

because secretive, nefarious individuals are following her with malicious intentions. *Id.* In hopes of turning to the judicial system for help, she filed this action on November 12. *Id.* at 1. However, at no point does her Complaint articulate a viable cause of action or present facts by which the Court could liberally construe one.

## II.     LEGAL STANDARD

### A.      Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12 authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts may dismiss a complaint under Rule 12(b)(6) *sua sponte*. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173 (5th Cir. 2006) (citing *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)). When examining the complaint to ascertain whether it presents a claim for which relief can be granted, courts must constrain their analysis to the pleadings alone. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

"'However inartfully pleaded,' *pro se* complaints must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Whether represented by counsel or appearing *pro se*, plaintiffs must still present specific facts, rather than conclusory allegations, to avoid a Rule 12(b)(6) dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Id.* Although "detailed factual allegations" are not necessary, plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To satisfy Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief

that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing *Twombly*, 550 U.S. at 556). Conversely, a complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326–27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A claim lacks an arguable basis in fact "if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

### B. Opportunity to Amend Standard

"Generally, a district court errs in dismissing a *pro se* complaint for failure to state a claim without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam). But if the court finds a plaintiff has alleged his or her best case, the Court may foreclose the opportunity to amend and dismiss the complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (quoting *Bazrowx*, 136 F.3d at 1054). Likewise, an opportunity to amend is "unnecessary in cases where the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, 8-9 & n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327-28). Therefore, the court does not err in dismissing a complaint with prejudice, such that the plaintiff has no opportunity to amend, if the complaint's sole legal basis is "indisputably meritless" or its factual constitution is "fantastic or delusional." *Id.*

### III.   ANALYSIS

#### A.   Edmond does not state a claim for which relief can be granted.

As noted above, Edmond's Complaint contains sweeping, fanciful allegations, but does not articulate a coherent legal claim capable of satisfying Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). Because she appears *pro se*, Edmond's pleadings are entitled to more lenient scrutiny than pleadings drafted by lawyers. *Estelle*, 429 U.S. at 106 (quoting *Haines*, 404 U.S. at 520). But no amount of liberal construction could manufacture a coherent statement from within Edmond's Complaint, much less a viable legal claim. The rambling Complaint lacks an arguable basis in law because the facts alleged are "clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton*, 504 U.S. at 32-33. As such, Edmond's claims are frivolous. *Neitzke*, 490 U.S. at 325; *Brewster*, 587 F.3d at 767. Accordingly, Judge Pittman should dismiss this case *sua sponte* for failure to state a claim on which relief can be granted. *See Carroll*, 470 F.3d at 1173 (holding courts may dismiss actions for failure to state a claim *sua sponte*).

#### B.   Dismissal with prejudice is appropriate considering the delusional nature of Edmond's allegations.

Courts ordinarily err in dismissing *pro se* complaints for failure to state a claim without first extending an opportunity to amend the pleadings. *Bazrowx*, 136 F.3d at 1054. But a chance to amend is "unnecessary in cases where the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason*, 14 F.3d at 8-9 & n.5. Such is the case here, as Edmond's Complaint contains incoherent, absurd allegations and is permeated with bizarre comments unrelated to any cause of action or legal claim. *See*, *e.g.*, *id.* at 7 ("KIMBERLY HAMMOND CAN'T USE THE PRIME MINISTER OF ISRAEL TO MAKE SOMEONE INVITE THEM TO A PARTY."); *id.* at 7-8 ("THE PRIME MINISTER OF ISRAEL KNOWS THAT LAKESHIA R. EDMOND IS TO BE THE NEXT PRIME MINISTER OF

CANADA AND OTHER COUNTRIES BUT TRIES TO RAPE HER . . . HE DOES NOT DO THAT TO THE PRIME MINISTER OF NORTH KOREA OR THE QUEEN."); *id.* at 10-11 ("My cousin did nothing to any of you. THIS IS MINE BECAUSE YOU ARE ALL IDIOTS. I DO NOT HAVE TO GIVE YOU ANYTHING."); *id.* at 11 ("This [case] will be heard in front of the Queen of England and others to determine the outcome sentence of all terrorists.").

The above examples are non-exhaustive and typify the Complaint's nonsensical contents. The Complaint does not evidence a viable legal claim or cause of action. Rather, at multiple junctures, including pages ten and eleven of the Complaint, referenced above, it states Edmond's fear of sexual assault, though it does not make clear whether that perceived threat is real or delusional. If allowed to amend her pleadings, Edmond would be incapable of manufacturing a legally cognizable claim and would further waste time and resources on a delusional case devoid of merit. While dismissals with prejudice may be harsh in some contexts, the opposite is true here. A dismissal of Edmond's claim with prejudice, such that she cannot amend, is far less harsh, as it will close the door definitively on a case that will do nothing but waste her time and resources. Accordingly, Judge Pittman should dismiss this frivolous action with prejudice because it is based on delusions and has no basis in fact, thus making any attempts at amendment futile. *Eason*, 14 F.3d at 8-9 & n.5.

### IV. CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Judge Pittman **DISMISS** this action **WITH PREJUDICE** because Edmond does not state a claim for which relief can be granted and any attempts at amending the Complaint would be futile.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions,

and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on November 29, 2021.

 

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE